1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  George Albert Brogdon, Jr.,        )    No. CV 11-1389-PHX-RCB (MEA)
                                       )
10         Plaintiff,                  )    **ORDER**
                                       )
11  vs.                                )
                                       )
12  City of Phoenix Police Department, et al.,)
                                       )
13         Defendants.                 )
                                       )
14  _____)

15         Plaintiff George Albert Brogdon, Jr., who is confined in the Maricopa County Fourth

16  Avenue Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42

17  U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will order

18  Defendants Boardman and Lubker to answer Count I of the Complaint and will dismiss the

19  remaining claims and Defendants without prejudice.

20  **I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

21         Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C.

22  § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).

23  The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  The statutory

24  fee will be collected monthly in payments of 20% of the previous month's income each time

25  the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

26  separate Order requiring the appropriate government agency to collect and forward the fees

27  according to the statutory formula.

28  /      /      /

**TERMPSREF**

## II.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

/     /     /

**III.    Complaint**

Plaintiff alleges three counts for violation of his Fourth Amendment rights, harassment, and an illegal fine.  Plaintiff sues the City of Phoenix Police Department and two of its officers, Eric Boardman and Mylen Lubker.  Plaintiff seeks compensatory and punitive relief.

All of Plaintiff's claims arise from his detention and arrest in Superior Court in Maricopa County case CR2010151332.  Except as otherwise indicated, Plaintiff alleges the following: Plaintiff was riding a bicycle at night without a light.  Defendants Boardman and Lubker stopped Plaintiff, but left when they received a priority radio call.  Plaintiff left the area of the stop.  After responding to the priority call, the officers returned looking for Plaintiff.  They found him walking his bicycle and stopped him again and asked for his identification.  Boardman took Plaintiff's backpack and handed the identification to Lubker, who took it to their patrol car.  Plaintiff did not feel free to leave.  Boardman searched the backpack and arrested Plaintiff for possession of marijuana and drug paraphernalia.  Lubker cited Plaintiff for not having a light on his bicycle, even though Plaintiff was walking rather than riding his bicycle in accordance with their instructions during the first stop.  Without reading Plaintiff his <u>Miranda</u> rights, they took him to jail.  Plaintiff contends the officers' second stop was unsupported by "independent, reasonable suspicion" for the stop.  (Doc. 1 at 3.)  He also alleges that he was illegally fined for not having a light on his bike, even though he was not riding it at the time.

On May 26, 2011, the charges against Plaintiff in CR2010151332 were dismissed without prejudice following a suppression hearing.[1]  Plaintiff contends that as a consequence of his allegedly wrongful stop and arrest, he lost his job, his finances were damaged, and his family relationships were adversely affected.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

---

[1] <u>See</u> http://www.courtminutes.maricopa.gov/docs/Criminal/052011/m4744104.pdf (last visited Aug. 2, 2011).

conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.   City of Phoenix Police Department

Plaintiff sues the City of Phoenix Police Department.  A municipal police department is not a "person" within the meaning of § 1983.  See e.g., Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504 (D. Conn. 2008); Pahle v. Colebrookdale Tp., 227 F. Supp.2d 361 (E.D. Pa. 2002).  However, a municipality is a "person" for purposes of § 1983, i.e., a municipality such as a city or county, may be sued.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  To state a claim against a municipality under § 1983, a plaintiff must allege facts to support that his constitutional rights were violated pursuant to a policy or custom of the municipality.  Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing Monell, 436 U.S. at 690-91); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989)).  Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury.  Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

The City of Phoenix Police Department is not a proper Defendant and it will be dismissed.  To the extent that Plaintiff sues the City of Phoenix, he fails to allege facts to support that the City of Phoenix maintained a policy or custom that resulted in the violation

of Plaintiff's federal constitutional rights or to explain how his injuries were caused by any municipal policy or custom.  Accordingly, Plaintiff also fails to state a claim against the City of Phoenix.

### B.   Counts II and III

In Count II, Plaintiff alleges a claim for harassment.  In Count III, he alleges that he was illegally fined.  Neither of these counts alleges a violation of Plaintiff's *constitutional* rights.  For that reason, Plaintiff fails to state a claim in either count and they will be dismissed.

## V.   Claim for Which an Answer Will be Required

In Count I, Plaintiff alleges that Defendants Boardman and Lubker violated his Fourth Amendment rights when they stopped him the second time and searched his backpack without consent, a warrant, or probable cause.[2]  Defendants Boardman and Lubker will be required to respond to Count I of the Complaint.

## VI.   Warnings

### A.   Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.   Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy

---

[2]  Plaintiff contends the officers failed to read him his <u>Miranda</u> rights; however, he does not allege that they elicited any inculpatory statements.

TERMPSREF

of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Counts II and III and Defendant City of Phoenix Police Department are **dismissed** without prejudice.

(4)    Defendants Boardman and Lubker must answer Count I.

(5)    The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendants Boardman and Lubker.

(6)    Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)    The United States Marshal must retain the Summons, a copy of the Complaint,

and a copy of this Order for future use.

(9)     The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a)  personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10)     **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11)     Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12)     Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13)     This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules

1 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized

2 under 28 U.S.C. § 636(b)(1).

3      DATED this 7th day of September, 2011.

4

5

6                  Robert C. Broomfield

7                  Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28