1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   George Albert Brogdon, Jr.,          )     No. CV 11-1389-PHX-RCB (MEA)
                                         )
10          Plaintiff,                   )     **ORDER**
                                         )
11   vs.                                 )
                                         )
12   Phoenix Police Department, et al.,  )
                                         )
13          Defendants.                  )
                                         )
14   _____   )

15          Plaintiff George Albert Brogdon, Jr. brought this pro se civil rights action under 42

16   U.S.C. § 1983 against City of Phoenix Police Officers Eric Boardman and Mylen Lubker for

17   alleged Fourth Amendment violations (Doc. 1).  Before the Court is Defendants' Motion to

18   Dismiss for untimely service (Doc. 19).

19          The Court will deny Defendants' motion as moot for the reasons set forth below.  The

20   Court will also recognize Plaintiff's First Amended Complaint at Document 14 as the

21   operative complaint; screen the amended pleading; and direct Boardman, Lubker, and the

22   City of Phoenix to respond.

23   **I.     Procedural History**

24          On July 13, 2011, the Court received Plaintiff's Complaint (Doc. 1).  The Court

25   screened the Complaint and ordered service (Doc. 5), and thereafter Plaintiff returned the

26   Service Packets (see Docket, Nov. 28, 2011).  Before service or a responsive pleading was

27   filed, Plaintiff submitted his First Amended Complaint (Doc. 14) and a "Motion Requesting

28

1   Service," which asked that the Court send him a Service Packet for the additional Defendant
2   named in his amended pleading (Doc. 15).

3        In an Order dated January 12, 2012, the Magistrate Judge construed Plaintiff's
4   "Motion Requesting Service" as a motion for leave to file an amended complaint and
5   determined that leave must be granted for any claims in the amended pleading to proceed
6   (Doc. 18 at 3).  The Magistrate Judge screened Plaintiff's First Amended Complaint and
7   determined that in addition to the same Fourth Amendment claim alleged against Boardman
8   and Lubker, Plaintiff sufficiently stated a claim against the City of Phoenix for failure to train
9   (id. at 8).[1]  The Order stated that Plaintiff would be allowed to file an amended complaint
10  adding the City of Phoenix as a Defendant, and it directed Plaintiff to lodge any such
11  amended complaint by February 12, 2012 (id.).

12       On February 23, 2012, Plaintiff filed a motion requesting that the Court use his
13  previously submitted First Amended Complaint—at Document 14—because he was unable
14  to obtain a new prisoner complaint form (Doc. 22).  The Magistrate Judge denied this motion
15  without prejudice because on January 27, 2012—between the time of the Court's January 12
16  Order and before Plaintiff's February 23 motion—Defendants filed a Motion to Dismiss the
17  original Complaint (Doc. 31, ref. to Doc. 19, Mot. to Dismiss).  See 28 U.S.C. § 636(b) &
18  (c) (magistrate judge does not have the authority to decide dispositive motions).

19  **II.    Federal Rule of Civil Procedure 15**

20       Under Rule 15(a), a party may amend a pleading once as a matter of course either
21  before the pleading is served, within 21 days after the pleading is served, or—if the pleading
22  is one to which a responsive pleading is required—within 21 days after service of the
23  responsive pleading. Fed. R. Civ. P. 15(a)(1) ("a party may amend its pleading once as a

24  _____

25       [1]The January 12, 2012 Order refers to Plaintiff's First Amended Complaint as a
26  "lodged amended complaint" (Doc. 18); however, the pleading is not labeled "lodged" and
    the Clerk did not docket the pleading as a lodged document (Doc. 14).  Therefore, in
27  clarifying in this Order that the First Amended Complaint is the operative complaint, no
    changes need to be made to the docket.

28                                        - 2 -

1    matter of course *within*: (A) 21 days after serving it, or . . . .") (emphasis added).

2         The Court received Plaintiff's First Amended Complaint on November 28, 2011 (Doc.

3    14), which was before Defendants were served (Docs. 16-17 (waivers of service dated Dec.

4    1, 2011)).  Thus, Plaintiff was not required to seek leave of the court before amending his

5    pleading, and, upon its filing, the First Amended Complaint became the operative complaint.

6         Because Defendants' Motion to Dismiss pertains to the original Complaint, which is

7    no longer operative, it will be denied as moot.

8    **III.   Statutory Screening of Prisoner Complaints**

9         Although the Magistrate Judge determined that Plaintiff sufficiently stated claims for

10   relief in his First Amended Complaint (Doc. 18 at 6-8), the Court will nonetheless conduct

11   a review screening to clarify the claims and direct service on the appropriate Defendants.

12        The Court is required to screen complaints brought by prisoners seeking relief against

13   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

14   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

15   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

16   be granted, or that seek monetary relief from a defendant who is immune from such relief.

17   28 U.S.C. § 1915A(b)(1), (2).  "[A] complaint must contain sufficient factual matter,

18   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

19   556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

20   (2007)).

21   **IV.    First Amended Complaint**

22        In his amended pleading, Plaintiff set forth three causes of action (Doc. 14).  In Count

23   I, he alleged that on September 21, 2010, he was riding his bike when Boardman and Lubker

24   stopped him for a traffic violation (id. at 3-4).  Plaintiff stated that the two officers then

25   received a priority radio call and left the scene; however, they later returned and found

26   Plaintiff walking his bike (id. at 3).  According to Plaintiff, Boardman and Lubker stopped

27   him, asked for identification, illegally searched his backpack, and arrested Plaintiff for

28   marijuana possession and booked him into the county jail (id.).  Plaintiff also claimed that

1   Defendant officers did not read him his Miranda rights (id.).   Plaintiff averred that
2   Defendants officers lacked any independent reasonable suspicion to stop him again after the
3   original traffic stop.  He stated that the evidence was suppressed and all criminal charges
4   were dismissed (id., citing Case No. CR 2010-151332).

5       In Count II, Plaintiff claimed that the City of Phoenix failed to properly train its
6   officers and that failure to train led to the violations alleged in Count I (id. at 4).  He further
7   claimed that as a result of the City's failure to train, the Defendant officers failed to read
8   Plaintiff his Miranda rights before they arrested and questioned him and he was therefore was
9   unaware of his rights when Boardman asked him if he had anything illegal on his person
10  (id.).

11      And in Count III, Plaintiff alleged that Defendants violated his Fifth Amendment Due
12  Process rights when they deprived him of his freedom and took his property during the events
13  of September 21, 2010 (id. at 5).

14      Plaintiff sued for monetary damages (id. at 6).

15  **V.   Failure to State a Claim-Count III**

16      Because the Fifth Amendment relates to actions taken by the federal government, and
17  Plaintiff has alleged actions taken only by local officials, Plaintiff's claim is more properly
18  construed under the Due Process Clause of the Fourteenth Amendment rather than the Fifth
19  Amendment.  See Lee v. City of L.A., 250 F.3d 668, 687 (9th Cir. 2001).  A negligent or
20  intentional deprivation of property under color of state law does not constitute a violation of
21  the procedural requirements of the Due Process Clause if state law affords the plaintiff a
22  meaningful post-deprivation remedy.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt
23  v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds by Daniels v. Williams,
24  474 U.S. 327 (1986); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).  To allege a
25  procedural due process claim, a plaintiff must allege that there is a liberty or property interest
26  protected by the Constitution, there has been a deprivation of that interest by the government,
27  and there was a lack of process.  Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th
28  Cir. 1993).

Plaintiff fails to allege that the City of Phoenix does not provide adequate procedures to remedy a procedurally flawed deprivation of property, nor does he allege that any such procedures are inadequate. See Hudson, 468 U.S. at 533. Plaintiff's allegation that he was deprived of his freedom relates to his Fourth Amendment claim in Count I and does not support a separate due process claim. Accordingly, Count III will be dismissed for failure to state a claim.

**VI.     Claims for Which an Answer Will be Required-Counts I and II**

The Fourth Amendment requires an officer to have probable cause to effect a warrantless arrest or to conduct a search. Safford Unified School Dist. v. Redding, 557 U.S. 364, 129 S. Ct. 2633, 2639 (2009); United States v. Brobst, 558 F.3d 982, 997 (9th Cir. 2009). Evidence seized in violation of the Fourth Amendment constitutes an illegal search or seizure. See Pa. Bd. of Prob. and Parole v. Scott, 524 U.S. 357, 362 (1998).

Liberally construed, Plaintiff's allegations in Count I sufficiently state a claim against Boardman and Lubker for violations of the Fourth Amendment.

The failure to train an officer who has caused a constitutional violation "can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the [officer] comes into contact." Long v. County of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006); see City of Canton v. Harris, 489 U.S. 378, 388 (1989). The failure to train must be the moving force behind the constitutional violation. Canton, 489 U.S. at 389.

Liberally construed, and because Plaintiff's allegations in Count I support a claim that his Fourth Amendment rights were violated by City of Phoenix police officers, the allegations in Count II sufficiently state a claim against the City of Phoenix for failure to train.

**VII.  Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to Defendants Lubker's and Boardman's Motion to Dismiss (Doc. 19).

(2)     Defendants Lubker's and Boardman's Motion to Dismiss (Doc. 19) is **denied** as moot.

(3)      Count III of the First Amended Complaint is dismissed for failure to state a claim.

(4)     Defendants Boardman, Lubker, and the City of Phoenix must answer Counts I and II of the First Amended Complaint.

(5)     The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 14), this Order, and both summons and request for waiver forms for Defendant City of Phoenix.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on the City of Phoenix within 120 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to the City of Phoenix for failure of service. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(8)     The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(9)     The United States Marshal must notify the City of Phoenix of the commencement of this action and request waiver of service of the summons pursuant to Federal Rule of Civil Procedure 4(j)(2) and Arizona Rule of Civil Procedure 4.1(c).  The notice to the City of Phoenix must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by the City of Phoenix within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)  personally serve copies of the Summons, First Amended Complaint, and this Order upon the City of Phoenix pursuant to Federal Rule of Civil Procedure 4(j)(2); and

(b)  within 10 days after personal service is effected, file the return of service for the City of Phoenix, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Ryan.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Federal Rule of Civil Procedure 4(d)(2), unless otherwise ordered by the Court.

(10)     **A Defendant who agrees to waive service of the Summons and First**

- 7 -

1  **Amended Complaint must return the signed waiver forms to the United States Marshal,**

2  **not the Plaintiff.**

3      (11)   Defendants must answer the First Amended Complaint or otherwise respond

4  by appropriate motion within the time provided by the applicable provisions of Federal Rule

5  of Civil Procedure 12(a).

6      (12)   Any answer or response must state the specific Defendant by name on whose

7  behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

8  does not identify the specific Defendant by name on whose behalf it is filed.

9      DATED this 23rd day of April, 2012.

10

11

12  _____

13  Robert C. Broomfield
    Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28