WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

George Albert Brogdon, Jr. )
                           )
            Plaintiff,     )      No. CV 11-1389-PHX-RCB(MEA)
                           )
      vs.                  )              O R D E R
                           )
Phoenix Police Department, )
et al.,                    )
                           )
            Defendants.    )
_____)

     Plaintiff George Albert Brogdon, Jr. brought this *pro se*
civil rights action under 42 U.S.C. § 1983 against the City
of Phoenix and City of Phoenix Police Officers Eric Boardman
and Mylen Lubker for alleged Fourth Amendment violations
(Doc. 14).  On April 11, 2013, this court granted in part and
denied in part the defendants' motion for summary judgment
(Doc. 66).  The only remaining claim in this lawsuit "is the
Fourth Amendment claim in Count I alleging that [defendants]
Boardman and Lubker lacked reasonable suspicion to stop and
detain Plaintiff."  Ord. (Doc. 57) at 13:1-2, ¶ (4).
     Based upon that order, and consistent with his prior

order requiring, among other things, the lodging of a "joint pretrial statement and proposed order . . . **within 90 days of the Court's ruling on the last dispositive motion that does not dispose of the case**[,]" Ord. (Doc. 35) at 2:16-19 (emphasis in original),  also on April 11, 2013, United States Magistrate Judge Aspey ordered the parties to file a joint pretrial statement and proposed order "on or before July 11, 2013[.]" Ord. (Doc. 58) at 1:16-18.  The Magistrate Judge advised that the "[d]efendants are responsible for initiating and drafting and submission of the proposed pretrial order in the form prescribed by the assigned trial judge." Id. at 1:18-20.

Because this action is now ready for trial, and in light of the foregoing, the court hereby **ORDERS** that plaintiff *pro se* and the attorney or attorneys who will be responsible for the trial of this lawsuit prepare a proposed Joint Final Pretrial Order and lodge it with the Clerk of the Court **by no later than July 11, 2013.**

Although it is the defendants' responsibility to ensure that the proposed Joint Final Pretrial Order is properly prepared and timely lodged, the plaintiff *pro se* shall fully cooperate with the defendants to ensure that such Order is properly prepared and timely lodged. That proposed Joint Final Pretrial Order shall be signed by plaintiff *pro se* and defense counsel. Plaintiff *pro se* may authorize defense counsel to sign on his behalf.

The content of the proposed Joint Final Pretrial Order shall include, but is not limited to, that prescribed in the

1  form of the proposed Joint Final Pretrial Order attached
2  hereto.

3  Pursuant to Fed.R.Civ.P. 16(d) and 37(c), the court will
4  not allow the parties to modify the Joint Final Pretrial
5  Order or introduce at trial any exhibits, witnesses, or other
6  information or to make any objections to exhibits that were
7  not previously specified and/or disclosed as directed by the
8  Court in the Joint Final Pretrial Order, except to prevent
9  manifest injustice.  Galdamez v. Potter, 415 F.3d 1015, 1020
10 (9th Cir. 2005).

11 After the lodging of the signed proposed Joint Final
12 Pretrial Order, at a date to be set by the court, the parties
13 shall participate telephonically in a Pretrial Conference to
14 discuss that Proposed Order.  Following that Pretrial
15 Conference, the court will issue the Final Pretrial Order and
16 set a trial date for this action.

17 **IT IS ORDERED** that:

18 (1)  the reference to the Magistrate Judge is
19      withdrawn; and

20 (2)  the parties **shall** lodge a Proposed Joint Final
21      Pretrial Order in accordance herewith **by no**
22      **later than July 11, 2013**.

23 DATED this 26th day of April, 2013.

24

25

26 _____
   Robert C. Broomfield
27 Senior United States District Judge

28 Copies to counsel of record and plaintiff *pro se* Brogdon

- 3 -

1

2

**FINAL PRETRIAL ORDER**

3

    This Final Pretrial Order supersedes the pleadings and

shall govern the trial and further proceedings in this case.

4

5

    A. STATEMENT OF JURISDICTION. Cite the statute(s) which

    gives this Court jurisdiction:

6

7

        (example - Jurisdiction in this case is based on
        diversity of citizenship under Title 28 U.S.C.
        § 1332.)

8

9

    B. NATURE OF ACTION. Provide a concise statement of the

10

type of case, the cause of the action, and the relief sought:

11

        (example — This is a products liability case wherein the
        plaintiff seeks damages for personal injuries sustained

12

        when he fell from the driver's seat of the forklift. The
        plaintiff contends that the forklift was defectively

13

        designed and manufactured by the defendant and the
        defects were a producing cause of his injuries and

14

        damages.)

15

    C. CONTENTIONS OF THE PARTIES. With respect to each count

16

of the complaint, counterclaim or cross-claim, and to any

17

defense, affirmative defense, or the rebuttal of a

18

presumption where the burden of proof has shifted, the party

19

having the burden of proof shall list the elements or

20

standards that must be proved in order for the party to

21

prevail on that claim or defense:

22

23

        (example - In order to prevail on this products liability
        case, the plaintiff, must prove the following elements
        . . .)

24

25

        (example — In order to defeat this products liability
        claim based on the statute of limitations or repose,
        the defendant must prove the following elements . . . )

26

    D. STIPULATION AND UNCONTESTED FACTS

27

    E. CONTESTED ISSUES OF FACT AND LAW (See and refer to

28

subpart C above)

F. LIST OF WITNESSES. Include or separately attach a list(s) of witnesses, identifying each as either plaintiff's or defendants' witnesses and indicating whether the witness is a fact or expert witness.

G. LIST OF EXHIBITS. Include or separately attach a list(s) of numbered exhibits, identifying each as either plaintiff's or defendants', with a description of each containing sufficient information to identify the exhibit, indicating whether there is an objection to its admission and, if so, the nature of the objection(s) anticipated. The actual exhibits must be later marked according to instructions which will be provided at the final pre-trial conference.

H. LIST OF DEPOSITIONS. Include or separately attach those portions of depositions that will be read at trial by each party listed by page and line number, whether there is an objection to each passage and, if so, the nature of the objection.

I. MOTIONS IN LIMINE. Motions in Limine are intended to encompass only significant evidentiary issues and are generally discouraged. Such motions, if allowed, shall be filed by _____, 2013. Any responses shall be filed by _____, 2013. No replies may be filed without permission of the court. Motions in Limine are deemed submitted without argument.

J. LIST OF ANY PENDING UNRULED UPON MOTIONS

K. PROBABLE LENGTH OF TRIAL

<u>For a Bench Trial</u>

L. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW shall be simultaneously filed by _____, 2013.

**<u>For a Jury Trial</u>**

M. INSTRUCTIONS. The parties shall seek to stipulate to jury instructions and any stipulated jury instructions shall be filed by _____, 2013. Instructions which are not agreed upon shall include citation to authority which shall not exceed one page per instruction and shall be filed by _____, 2013. Objections to any non-agreed upon instruction shall include citation to authority which shall not exceed one page per instruction and may be filed by _____, 2013.

N. VOIR DIRE QUESTIONS. Any proposed voir dire questions shall be filed by _____, 2013.

O. CERTIFICATIONS. Plaintiff *pro se* and defense counsel in this action do hereby certify and acknowledge the following:

    1.   All discovery has been completed.
    2.   The identity of each witness has been disclosed to plaintiff pro se and defense counsel.
    3.   Each exhibit listed herein (a) is in existence; and (b) has been disclosed and shown to plaintiff, pro se, and defense counsel.

. . .

APPROVED AS TO FORM AND CONTENT:


_____          _____
Plaintiff *pro se*                      Attorney for Defendants

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED AND TRIAL IS SET

FOR _____, 2013 AT 9:00 A.M., COURTROOM 606,

Sixth Floor, Sandra Day O'Connor United States Courthouse,

401 West Washington Street, Phoenix, Arizona.  COUNSEL SHALL

APPEAR AT 8:30 A.M.