**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| George Albert Brogdon, Jr. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>City of Phoenix Police )<br>Department; Officer Mylen )<br>Lubker; Officer Eric )<br>Boardman, )<br>)<br>Defendants. )<br>_____) | No. CV-11-01389-PHX-RCB(MEA)<br><br>O R D E R |

Pending before the court is plaintiff *pro se* George Albert Brogdon, Jr.'s third Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (Doc. 60). Despite three attempts, still, plaintiff has not made the predicate showing of "exceptional circumstances" which the Ninth Circuit requires to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984)) (District courts have discretion pursuant to section

1915(e)(1) to appoint counsel for indigent civil litigants "'only in exceptional circumstances.'"). Accordingly, as discussed below, the court denies plaintiff's motion for appointment of counsel.

### *Background*

Plaintiff's current motion, although not identical, is substantially similar to his prior two motions, which were denied. As before, the plaintiff declares that: (1) he is "unable to afford counsel[;]" (2) he has been "granted leave to proceed in forma pauperis[;]" and (3) his "imprisonment will greatly limit his ability to litigate." Compare Mot. (Doc. 60) at 1, ¶¶ 1-2 with Mot. (Doc. 37) at 1, ¶¶ 1-2 and Mot. (Doc. 23) at 1, ¶¶ 1-2. Also as before, plaintiff states that "counsel would better enable [him] to present evidence and cross-examine witnesses[]" at trial. Compare id. at 1, ¶ 3 with Mot. (Doc. 37) at 1, ¶ 3 and Mot. (Doc. 23) at 2, ¶ 3. In contrast to his earlier motions, however, this time, rather than simply anticipating trial, as the plaintiff indicates, the case is trial ready. Indeed, the parties have been ordered, among other things, to lodge a Proposed Joint Pretrial Order shortly. See Ord. (Doc. 59).

Continuing to oppose plaintiff's motion, the defendants argue, as they did previously, that he has not shown the requisite "exceptional circumstances" for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). The court agrees.

### *Discussion*

In a 42 U.S.C. § 1983 action such as this, "[t]here is no

1  constitutional right to appointed counsel[.]"  Rand v.
2  Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citation
3  omitted), partially overruled en banc on other grounds, 154
4  F.3d 952, 954 n. 1 (9th Cir. 1998)); see also Hedges v.
5  Resolution Trust Corp., 32 F.3d 1360, 1353 (9th Cir. 1994)
6  ("[T]here is no absolute right to counsel in civil
7  proceedings.")  Therefore, federal courts do not have the
8  authority "to make coercive appointments of counsel."
9  Mallard v. United States District Court, 490 U.S. 296, 310,
10 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). By the same token
11 though, pursuant to 28 U.S.C. § 1915(e)(1), a "court may
12 request an attorney to represent any person unable to afford
13 counsel." Such a request is predicated upon a showing of
14 exceptional circumstances. See Agyeman, 390 F.3d at 1103.
15      A finding of exceptional circumstances "requires at least
16 an evaluation of the likelihood of the plaintiff's success on
17 the merits and an evaluation of the plaintiff's ability to
18 articulate his claims 'in light of the complexity of the
19 legal issues involved.'" Id. (quoting Wilborn v. Escalderon,
20 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these
21 factors is dispositive and both must be viewed together
22 before reaching a decision.'" Terrell v. Brewer, 935 F.2d
23 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at
24 1331). In the end, the burden remains upon the plaintiff to
25 establish exceptional circumstances. See Thornton v.
26 Schwarzenegger, 2010 WL 3910446, at *5 (S.D.Cal.2010)
27 (denying section 1915(e)(1) motion for appointment of counsel
28 where plaintiff "failed to demonstrate either a likelihood of

1 success on the merits or an inability to represent himself
2 (beyond the ordinary burdens encountered by prisoners
3 representing themselves pro se) [ ]"). Plaintiff Brogdon has
4 not met this burden.

5 Plaintiff does not offer (nor has he previously) any
6 argument whatsoever as to his likelihood of success on the
7 merits. Likewise, plaintiff Brogdon has not shown "that
8 because of the complexity of the claims he [has been] unable
9 to articulate his positions." See Rand, 113 F.3d at 1525.
10 Indeed, the record demonstrates just the opposite. Remaining
11 for trial is a straightforward "Fourth Amendment claim . . .
12 alleging that [defendants] Boardman and Lubker lacked
13 reasonable suspicion to stop and detain Plaintiff." Ord.
14 (Doc. 57) at 13:1-2, ¶ 4. This case is not factually or
15 legally complex. Nor does it involve a large number of
16 parties or issues.

17 What is more, as the record reflects, the plaintiff has
18 shown an ability to more than adequately articulate his
19 position. Plaintiff "has been able to articulate his claims
20 . . . , as the Court found that [his] complaint contained
21 allegations sufficient to survive the [statutorily mandated]
22 sua sponte screening" process. See Miller v. LaMontagne,
23 2012 WL 1666735, at *2 (S.D.Cal.2012). Additionally, during
24 the two year pendency of this lawsuit, plaintiff has filed
25 numerous motions with some success. Indeed, he partially
26 withstood defendants' motion to dismiss, as well as their
27 summary judgment motion. Thus, plaintiff has shown that he
28 is capable of navigating the legal process.

1    Even if, as plaintiff claims, his confinement "will
2 greatly limit his ability to litigate[,]" Mot. (Doc. 60) at
3 1, that asserted limitation does not establish complexity of
4 the issues or otherwise show exceptional circumstances.
5 Finally, although, as plaintiff states, an attorney "would
6 better enable plaintiff to present evidence and cross-examine
7 witnesses[,]" id., that is not a sufficient basis for finding
8 exceptional circumstances.  See Thornton, 2010 WL 3910446, at
9 *5 (citing Rand, 113 F.3d at 1525) ("factual disputes and
10 anticipated cross-examination of witnesses do not indicate a
11 presence of complex legal issues warranting a finding of
12 exceptional circumstances").
13    For all of these reasons, on this record the court finds
14 that the "exceptional circumstances" necessary for
15 appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) are
16 absent.  Accordingly, the court hereby **DENIES** plaintiff's
17 Motion for Appointment of Counsel (Doc. 60).
18    DATED this 19th day of June, 2011.

_____
Robert C. Broomfield
Senior United States District Judge

28 Copies to counsel of record and plaintiff *pro se*